Hughes, J. P.
(dissenting). I believe section 50 of the Omnibus Housing Act (OHA) (1983, ch 403) should be applied retroactively to cover this proceeding. I therefore dissent and would reverse the order appealed from and reinstate the petition.
The purpose of chapter 555 of the Laws of 1982 was “to increase protections for tenants living in buildings undergoing [cooperative or condominium] conversion and to provide both tenants and sponsors with a workable .conversion process” (Governor’s Memorandum, NY Legis Ann, 1982, pp 183, 184). It was not designed to abrogate the owner *937 occupancy provisions of subdivision B of section 54 of the Code of the Rent Stabilization Association of New York City, Inc. (Code) or to otherwise curtail the remedies available generally to landlords under rent stabilization. Through an inadvertent oversight in legislative drafting, however, chapter 555 of the Laws of 1982 did in fact accomplish the repeal of the statutory basis for subdivision B of section 54 of the Code. To rectify this mistake, the Legislature, in its next session, enacted section 50 of the OHA, reinstating a stabilized landlord’s right of recovery for personal use. As a remedial statute, i.e., one designed to correct imperfections in the prior law, section 50 should be accorded retroactive effect, notwithstanding that the statute itself does not expressly authorize such application (McKinney’s Cons Laws of NY, Book 1, Statutes, § 54). To hold otherwise and refuse to give retroactive force to section 50 of the OHA is to unnecessarily “effectuate a legislative mistake prejudicial to the substantive rights of appellant” (Matter of Adamo, 619 F2d 216, 222) and to provide an undeserved windfall to this tenant. There is no reason to preserve an illogical and unintended gap in the existence of the subdivision B of section 54 remedy. “[T]he court must avoid interpretations which may reach an illogic never intended by the Legislature. An interpretation which is contrary to the dictates of reason or leads to unreasonable results is presumed to be against the legislative intent, and some other construction should be placed on the statute, if possible without violation of its language” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 143).
Sandifer and Parness, JJ., concur; Hughes, J. P., dissents in a separate memorandum.